**UNITED STATES of America. Plaintiff–Appellee,**

v.

**Jorge CARDENAS–GALVAN, Defendant–Appellant.**

No. 00–2765.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 2001.

Decided April 10, 2001.

Before Hon. FLAUM, Chief Judge, Hon. BAUER, Hon. COFFEY, Circuit Judges.

### ORDER

On August 26, 1999, a federal grand jury in the Northern District of Illinois returned a one-count indictment charging Jorge Cardenas–Galvan with illegal re-entry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b). On December 15, 1999, Cardenas–Galvan pled guilty and the court subsequently sentenced him to 87 months' imprisonment, three years' supervised release, and a $2,000 fine. We affirm.

Cardenas–Galvan is a citizen of Mexico who has repeatedly entered the United States illegally and committed criminal acts in the State of Illinois. He first illegally entered the United States in 1983 and was deported the same year. After being deported, he returned to the United

States on some unknown date and was convicted of aggravated battery in Illinois in 1988. One year later, in 1989, he was convicted in Illinois state court of attempting to disarm a police officer. Following this conviction, Cardenas–Galvan was again deported to Mexico on January 17, 1990. After his second deportation, Cardenas–Galvan again re-entered the United States (date unknown) and was convicted in May 1995 of attempted home invasion in Illinois state court. On March 5, 1997, an immigration judge ordered Cardenas–Galvan to once again be deported to Mexico. Keeping with prior practices, the defendant-appellant once again illegally re-entered the United States. And once again he was arrested in Illinois; this time in July 1999 for attempting to fraudulently obtain an Illinois state identification card.

After being arrested for fraudulently attempting to obtain an Illinois state identification card, Cardenas–Galvan was indicted in federal court for being present in the United States without authorization after having been previously deported in violation of 8 U.S.C. § 1326(a) and (b). Specifically, the indictment charged:

> On or about August 3, 1999, at Chicago, in the Northern District of Illinois, Eastern Division,

### JORGE CARDENAS–GALVAN,

> defendant herein, an alien who had been previously arrested and deported from the United States in or about May 7, 1997, was present and found in the United States without previously obtaining the express consent of the United States Attorney General for reapplication by the defendant for admission into the United States;

> In violation of Title 8, United States Code, Sections 1326(a) and (b).

On December 15, 1999, the defendant-appellant entered into a written plea agreement wherein he admitted that his May 1995 conviction for attempted home invasion constituted an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2). In addition, during his plea colloquy, Cardenas–Galvan agreed that his conviction for attempted home invasion was an "aggravated felony."

The only argument raised by the appellant is whether the indictment in this case was sufficient.[1] Relying on *Apprendi v.. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Cardenas–Galvan argues that the indictment in this case was insufficient because it did not identify any prior convictions that were aggravated felonies.

Although it is true that the indictment did not identify the appellant's prior conviction for an aggravated felony, in *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that a defendant's prior conviction is only a *sentencing factor* which:

> ... simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. *Consequently, [the government is not required] to charge the factor that [Section 1326(b)(2) ] mentions, an earlier conviction, in the indictment.*

(Emphasis added).

Counsel readily conceded at oral argument that *Almendarez–Torres* is control-

---

1. Although counsel for the appellant originally filed an *Anders* brief in this case, he withdrew that brief and filed a corrected copy with the court raising this issue after the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

ling in this case. Given that this court has no authority to overrule the Supreme Court, *see Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989), the decision of the district court is

AFFIRMED.